IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

William Scott MacDonald )
a/k/a William Scott McDonald, )
    Petitioner, )
     )
v. ) 1:08cv781 (GBL/TRJ)
     )
Gene Johnson, )
    Respondent. )

## MEMORANDUM OPINION

William Scott MacDonald, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of carnal knowledge of a minor and contributing to the delinquency of a minor in the Circuit Court for Prince George County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, MacDonald's claims must be dismissed.

I.

On May 3, 2005, MacDonald was convicted of carnal knowledge of a minor and contributing to the delinquency of a minor following a bench trial. The trial court found that MacDonald, who was 45 to 47 years old at the time of the incidents, engaged in private, sexual contact with two girls, ages 16 and 17 at the time. MacDonald appealed his conviction to the Court of Appeals of Virginia, arguing that *Virginia Code* § 18.2-361(A) is unconstitutional under the Due Process Clause of the Fourteenth Amendment. The Court of Appeals held that the statute does not violate the Fourteenth Amendment. McDonald v. Commonwealth, R. No. 1180-

05-2 (Va. Ct. App. June 13, 2006). MacDonald then appealed to the Supreme Court of Virginia, which found no error in the decision of the Court of Appeals. McDonald v. Commonwealth, R. No. 061456 (Va. June 8, 2007).

While his direct appeals were pending, MacDonald filed a habeas petition in the Circuit Court of Prince George County, raising the following claims:

1. Ineffective assistance of counsel for
   (a) failure to file a motion for and receive a Bill of Particulars;
   (b) failure to move for a new trial based on newly discovered evidence;
   (c) failure to subpoena "crucial evidence" seized by the police department;
   (d) failure to subpoena witnesses for trial;

2. Procedural misconduct for
   (a) wrongfully withholding evidence;
   (b) making inflammatory comments during the trial and at sentencing; and

3. Unauthorized revision by the trial court of Virginia Code § 18.2-361, "outside of Legislative authority."

The Circuit Court dismissed MacDonald's petition. MacDonald v. Johnson, Case No. 2005-98 (Va. Cir. Ct. March 16, 2006). MacDonald then appealed to the Supreme Court of Virginia, which found no reversible error. MacDonald v. Johnson, R. No. 060854 (Va. Aug. 15, 2006).

On July 25, 2008, MacDonald filed the instant petition, raising the following three claims:

1. Ineffective assistance of counsel for
   (a) failure to file a motion for and receive a Bill of Particulars;
   (b) failure to move for a new trial based on newly discovered evidence;
   (c) failure to subpoena "crucial evidence" seized by the police department;
   (d) failure to subpoena witnesses for trial;
   (e) failure to object to illegally obtained evidence; and
   (f) failure to authenticate petitioner's exculpatory statements;

2. Prosecutorial misconduct for
   (a) wrongfully withholding evidence;
   (b) making inflammatory comments during the trial and at sentencing; and
   (c) using illegally obtained evidence; and

3. Unauthorized revision by the trial court of Virginia Code § 18.2-361, "without, and outside of legislative authority."

By Orders dated January 14, 2009, and March 4, 2009, this Court found claims 1(e), 1(f), 2(a), and 2(c) to be procedurally barred from review. Respondent filed a Rule 5 Answer and a Motion to Dismiss MacDonald's remaining claims. Petitioner filed a response to respondent's motion and then filed a Motion for Extension of Time to file his response, which this Court will deny as moot. Accordingly, this matter is now ripe for review.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410.

3

## III.

Claim 1: Ineffective Assistance of Counsel

MacDonald has failed to show that the state court's adjudications are contrary to, or an unreasonable application of Strickland v.Washington, 466 U.S. 668 (1984), or are based on an unreasonable determination of the facts, and therefore his claims fail. See 28 U.S.C. § 2254(d).

To establish ineffective assistance of counsel, petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the case outcome, the petitioner must show more than a remote

possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

In Claim 1(a), petitioner asserts that counsel's failure to file a motion for and receive a Bill of Particulars constituted ineffective assistance. Specifically, petitioner states that counsel never informed him of the exact dates of his alleged crimes. His support for this argument is a lack of notes to that effect in counsel's files. Petitioner fails to establish more than a remote possibility that a Bill of Particulars would have affected the outcome of the trial, assuming that the court would have even granted such a motion. A Bill of Particulars would not have supplied petitioner with the information he sought; even the victims could not remember exactly the dates of most of the incidents. (Trial Tr. 43, 49, 50, 56, 80, March 3, 2005.) Furthermore, there is no indication that knowing particular dates realistically would have affected the overall outcome of the trial. Thus, Claim 1(a) must be dismissed.

In Claim 1(b), petitioner asserts that counsel was ineffective in failing to move for a new trial on the basis of newly discovered evidence. The evidence at issue is a letter from the Department of Veterans Affairs ("VA") MacDonald received four days after trial, granting him a disability rating based on post-traumatic stress disorder ("PTSD"),

In Virginia, motions for new trials based on newly-discovered evidence "are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance." Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002) (quoting Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387 (1984)). In order for a defendant to prevail on a motion for a new trial based on newly-discovered evidence, he must demonstrate that the evidence:

> "(1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by [appellant]; (3) is not

5

>merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial."

Odom v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983).

Under the Odom standard, the letter in this case would not have entitled MacDonald to a new trial. While the letter itself may not have been discoverable before trial, MacDonald could have: (1) requested the letter to be expedited, as it only arrived several days after trial; (2) provided counsel with the information he submitted to the VA in support of his claim for disability; or (3) informed counsel that he was suffering from symptoms of PTSD. All of this information could have been admitted at trial as evidence that MacDonald suffered from PTSD, and MacDonald's failure to take any of these steps demonstrates his lack of reasonable diligence. Moreover, there is nothing to indicate that the letter granting MacDonald a disability rating based on PTSD would produce his acquittal at a second trial. Thus, moving for a new trial would be futile, and because petitioner cannot demonstrate prejudice under Strickland, Claim 1(b) fails.

In Claim 1(c), petitioner asserts that counsel was ineffective for failing to subpoena "crucial evidence" in the police department's possession. Specifically, MacDonald wanted counsel to subpoena MacDonald's personal notebook, which contained accounts of his criminal activities, and he invokes the best evidence rule in support of his argument. The best evidence rule provides that "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted." Randolph v. Commonwealth, 145 Va. 883, 889, 134 S.E. 544, 546 (1926). If sufficient evidence discloses that the primary evidence is not available, then secondary evidence may be admitted instead. Id. However, the sufficiency of the foundation laid for the admission of secondary evidence is a preliminary question addressed to

the trial court's discretion. Brown v. Commonwealth, R. No. 1078-06-2, 2007 WL 1529600 (Va. Ct. App. May 29, 2007) (citing Beirne v. Rosser, 67 Va. (26 Gratt.) 537, 544-45 (1875)).

In this case, MacDonald admits that the notebook's contents were transcribed by his wife, and the transcription was admitted into evidence in lieu of the original notebook. Furthermore, MacDonald does not indicate why the notebook itself was "crucial evidence" and why the transcription was insufficient. Because the decision to admit the transcription as proper evidence belonged to the trial court, not to petitioner's counsel, counsel was not ineffective. Thus, Claim 1(c) must be dismissed.

In Claim 1(d), petitioner asserts that counsel was ineffective for failing to subpoena witnesses for trial. The decision whether to call a witness is a tactical decision not amounting to ineffective assistance of counsel, and counsel's trial strategy decisions deserve a high degree of deference in habeas review. See Goodson v. United States, 564 F.2d 1071 (4th Cir. 1977). As the Circuit Court noted, the expected testimony of one witness, Alicia Royer, would be meaningless if admitted and may even be inadmissible as habit evidence under *Virginia Code* § 8.01-397.1. Another witness, Professor Connie Kirkland, was expected to testify regarding sexual assault on males. However, given the evidence already presented against petitioner, the Circuit Court noted that her testimony would have been meaningless. Thus, counsel could not have been ineffective for failing to call witness whose testimonies would be unnecessary. Furthermore, MacDonald confirmed under oath at trial that his witnesses were present. (Trial Tr. 9, March 3, 2005.) MacDonald claims that counsel induced him to lie to the court by ordering him to testify that the witnesses were present. However, the state habeas court noted that this claim lacks credibility coming from an educated, middle aged veteran, and this Court must accept such a determination as true. Therefore, Claim 1(d) fails as well.

Claim 2(b): Prosecutorial Misconduct

In Claim 2(b), petitioner asserts that the prosecutor in his case made false and inflammatory statements to the court which, he asserts without support, "greatly prejudiced" petitioner. Specifically, petitioner alleges that the prosecutor told the court that petitioner made certain statements when he did not. Although the state habeas court did not specifically address this claim in its opinion, the court did note that petitioner's other claims of prosecutorial misconduct could have been raised on direct appeal and thus were procedurally barred from review. MacDonald v. Johnson, Case No. 2005-269, at ¶37. The same law would apply to bar the instant claim as well. See Slayton v. Parrigam, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974) (holding that claims that could have been but were not raised at trial and on appeal are not cognizable in state habeas corpus proceedings). Furthermore, under § 2254(b)(2), federal district courts have the discretion to forego the exhaustion requirement, which usually necessitates a state habeas ruling on a claim before a federal habeas court can address the claim, for claims that clearly lack merit. See generally, Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Here, even if it remains unexhausted, Claim 2(b) is clearly without merit. To establish prosecutorial misconduct, petitioner must show: (1) the prosecutor's conduct was improper, and (2) the conduct "prejudiced the defendant's substantial rights so to deny the defendant a fair trial." United States v. Alerre, 430 F.3d 681, 689 (4th Cir.2005). Here, even assuming arguendo that the prosecutor's comments were improper, petitioner has asserted no evidence that the prosecutor's statements swayed the judge's decision and led him to convict petitioner. Therefore, Claim 2(b) must be dismissed.

8

Claim 3: Unauthorized revision by the trial court of *Virginia Code § 18.2-361*

Finally, MacDonald argues that the trial court "rewrote the law" when convicting him under § 18.2-361, which makes it a felony to engage in oral or anal sexual relations with anyone. He alleges that the court improperly added an age requirement of "under the age of eighteen" when applying the statute to him, and that the statute as written is unconstitutional as a result of Lawrence v. Texas, 539 U.S. 558 (2003) (rendering a Texas homosexual sodomy law invalid under the Due Process Clause of the Fourteenth Amendment). The Court of Appeals of Virginia considered this claim on direct appeal and found the statute constitutional . McDonald v. Commonwealth, R. No. 1180-05-2 (Va. Ct. App. June 13, 2006). The state habeas court found Claim 3 procedurally barred from habeas review because the claim could only be raised on direct appeal. MacDonald v. Johnson, Case No. 2005-98 (Va. Cir. Ct. March 16, 2006). Thus, this Court must evaluate Claim 3 under the standard articulated in Williams v. Taylor, 529 U.S. 362, 410-13 (2000), and discussed above. See Section II, supra.

The Court of Appeals' determination is based on clearly established federal law. As the court noted, Virginia considers persons aged sixteen and seventeen to be children, and the Supreme Court in Lawrence explicitly stated that the ruling did not apply to sexual acts involving children. McDonald, R. No. 1180-05-2 (citing Lawrence, 539 U.S. at 578). Thus, as the Court of Appeals of Virginia found, the statute is not unconstitutional as applied to MacDonald, and Claim 3 fails.

## IV.

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 9th day of October 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge